## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WALSH, III, | : | Civil No. 3:16-CV-1112 |
| | : | |
| Plaintiff, | : | (Judge Caputo) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JEWISH COMMUNITY CENTER et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The plaintiff, John Walsh is a frequent, albeit frequently unsuccessful, *pro se* litigant. In this, his latest foray into federal court, Walsh has filed a cryptic two-and-one-half page complaint which purports to sue the Jewish Community Center in Scranton, along with officers, directors, and executive director.

The nature of Walsh's legal claim is murky, and the factual background of this lawsuit is somewhat obscure. Walsh apparently periodically goes to the community center for exercise, sauna, and conversation. (Doc. 1.) At some point in time, Walsh became concerned regarding the presence of "black mold" at the center, and provided the center's executive director with a "Master Power Point" presentation on the dangers of black mold, and effective black mold treatment.(Id.) Walsh fervently

believes that "most people don't understand the danger of black mold," and suggests that he has himself been a victim of black mold, having lost a toe to black mold, and having "treated myself with a triple antibiotic." (Id.) It is entirely unclear when these events occurred and whether the black mold that afflicted Walsh is the same black mold he observed at the center.

In any event, Walsh now seeks to have the community center sanitized on an on-going basis, and wishes to bring negligence claims against the center. (Id.) Walsh also believes that the injuries he has suffered due to black mold "deny[] me my 'pursuit of happiness', promised to me in the 14th amendment." (Id.) Walsh's complaint then closes with a confused, and confusing prayer for relief, one which seeks appointment of counsel, a right "promised to me in the Pledge of Alliance [sic]", while closing with a peroration based upon the music of Jim Morrison and the Doors. (Id.)

Along with this complaint the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). We will grant this motion for leave to proceed *in forma pauperis*, (Doc. 2), but having carefully reviewed this complaint, we conclude that the pleading fails to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II.    Discussion

### A.    Legal Standards Governing Sufficiency of Civil Complaints

This Court has a statutory obligation to conduct a preliminary review of *pro se*

complaints brought by plaintiffs given leave to proceed *in forma pauperis.* See 28

U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se*

complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6)

of the Federal Rules of Civil Procedure provides that a complaint should be dismissed

for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P.

12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. §

1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the

court determines that . . . the action . . . fails to state a claim upon which relief may

be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal

Rules of Civil Procedure, which provides that a complaint should be dismissed for

"failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint,

the United States Court of Appeals for the Third Circuit has aptly noted the evolving

standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in
> recent years. Beginning with the Supreme Court's opinion in Bell
> Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our

opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will

not do." <u>Id.</u> at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual

allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the . . . well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged . . . are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the p[arty's] entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's

rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint). Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide.  See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

Judged against these legal benchmarks, for the reasons set forth below, Walsh's complaint is fatally flawed and should be dismissed.

### B.   The Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted.

In this case, our screening review reveals that Walsh's pleadings fail as a civil rights action on a host of grounds.

First, Walsh's complaint violates the basic rule of pleading which requires that "a District Court . . . determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 210-11.  In addition, dismissal of this complaint is also warranted because the complaint fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

Dismissal of this complaint is appropriate for several reasons. First, the complaint names numerous individual and institutional defendants but for the most part contains no well-pleaded factual averments relating to these defendants in the body of the complaint. This style of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief. Hudson v. City of

McKeesport, 241 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.)

Moreover, it is also well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011).

Here, Walsh's pleadings fail to satisfy these basic minimal pleading standards. Indeed, these pleadings set forth no well-pleaded, or intelligible, factual narrative thread giving rise to civil liability. In a case such as this where these pleadings would leave "the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), dismissal of this complaint is fully warranted.

Furthermore, the complaint fails to allege facts which would give rise to jurisdiction in this court over any legal claims made by the plaintiff. It is well-settled that federal courts are courts of limited jurisdiction. As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction. The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

At the outset, Walsh may not invoke federal question jurisdiction in this case. While Walsh alleges that the presence of this black mold is: "denying me my 'pursuit of happiness', promised to me in the 14th amendment," his complaint only names private parties as defendants.   This is a fatal flaw since it is clear beyond any peradventure that the protections of the 14th Amendment only apply to persons aggrieved by state action, and do not extend to the activities of private persons or clubs.  Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S. Ct. 1965, 32 L. Ed. 2d 627 (1972). Therefore, Walsh's 14th Amendment pursuit of happiness claim fails as a matter of law, due to a lack of cognizable any state action.

Nor can Walsh pursue this case in federal court as a state negligence action. Walsh may not assert federal jurisdiction over this state tort, since we can only exercise federal jurisdiction over such state law claims in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) *citizens of different States*." 28 U.S.C. § 1332(a)(1)(emphasis added). In the instant case, this court's diversity jurisdiction simply does not provide a basis for exercising jurisdiction over this particular controversy since the complaint recites that the plaintiff and the defendants are all citizens and residents of Pennsylvania. Given that the complaint reveals on its face

that this lawsuit is not between citizens of different states, the plaintiff may not invoke diversity jurisdiction in this matter.

In light of this basic jurisdictional flaw in this complaint, we conclude that state tort claims set forth in this pleading simply do not meet the requirements prescribed by law for a federal lawsuit, since "the facts alleged in the complaint are [not] sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 210-11. Indeed, at present, the complaint does not even contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), since the complaint actually seems to demonstrate on its face that federal diversity jurisdiction does not lie here. Yet, while these allegations do not state grounds for a lawsuit in federal court, this does not mean that Walsh has no legal remedies available to him. Walsh may bring these claims in state court. Those courts certainly stand ready to hear his claims.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the current complaint fails to state a viable cause of action for a host of reasons that are

fundamental and cannot, in our view, be corrected through more artful pleading. Since the plaintiff cannot readily correct the deficiencies identified in the complaint, and the factual and legal grounds proffered in support of the complaint make it clear that the plaintiffs have no right to relief in federal court at this time, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore it is recommended that the complaint be dismissed without further leave to amend.

## III.   Recommendation

Accordingly, for the foregoing reasons, the plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED but IT IS RECOMMENDED that the complaint be dismissed for the failure to state a claim upon which relief can be granted.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of June, 2016.

_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge